# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1041

_____

| | | |
|---|---|---|
| James M. Carmi, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of St. Ann, Missouri, a Municipal | * | |
| corporation; City of Overland, | * | |
| Missouri, a Municipal corporation; City | * | |
| of Bridgeton, Missouri, a Municipal | * | |
| corporation; City of Hazelwood, | * | |
| Missouri, a Municipal corporation; City | * | |
| of Florissant, Missouri, a Municipal | * | |
| corporation; Carl Wolff, as an | * | |
| individual and in his capacity as the | * | |
| Chairman of the NorthWest | * | Appeal from the United States |
| Multijurisdictional Enforcement Group, | * | District Court for the |
| (NWMEG); | * | Eastern District of Missouri |
| | * | |
| Appellees, | * | [UNPUBLISHED] |
| | * | |
| Unknown Rogers, Detective, NWMEG; | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Unknown Drews, Detective, NWMEG; | * | |
| Unknown Bingilli, Detective, | * | |
| NWMEG; Unknown Albers, Detective, | * | |
| NWMEG; Andrew Eagan, Detective, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:   October 5, 2001

Filed:   December 3, 2001
_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.
_____

PER CURIAM.

James M. Carmi appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri granting summary judgment to appellees in his 42 U.S.C. § 1983 action.  For reversal, Carmi argues the district court erred in denying his motion to strike appellees' summary judgment motions and in granting summary judgment to appellees.  For the reasons discussed below, we affirm the judgment of the district court.

We find no abuse of discretion in the district court's denial of Carmi's motion to strike.  See Chock v. Northwest Airlines, Inc., 113 F.3d 861, 863 (8th Cir. 1997). Upon de novo review, we conclude that the grant of summary judgment was appropriate. See Cooper v. Olin Corp., 246 F.3d 1083, 1087 (8th Cir. 2001). Carmi's Alford plea extinguished his arrest and search claims.  See Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996) (per curiam).  In any event, appellees did not violate Carmi's federal rights by arresting and searching him in the circumstances of this case.  See United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000) (probable cause to make warrantless arrest requires officers to make reasonable inference from facts known to them), cert. denied, 121 S. Ct. 1658 (2001); United States v. Dawdy,

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

46 F.3d 1427, 1430 (8th Cir.) (once police arrested defendant, they could search his person and car), cert. denied, 516 U.S. 872 (1995); see also Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996) (violation of state law without more does not state federal constitutional or § 1983 claim).

We also conclude that appellees did not violate Carmi's federal procedural due process rights in connection with the seizure of property taken from him at the time of his arrest. See Hudson v. Palmer, 468 U.S. 517, 534 (1984) ("controlling inquiry is solely whether the state is in a position to provide for predeprivation process"). Further, we find that Carmi's available postdeprivation remedies under state law foreclose any federal claims related to appellees' alleged wrongful post-arrest retention of the property. See id. at 536.

Last, we conclude that Carmi's excessive force claim was not raised in his complaint.

Accordingly, we affirm. We deny Carmi's motion to strike appellees' brief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.